THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711
ATTORNEY GENERAL



*Overrule 6-649*
*R-2442 551*
*C-743*
*Withdrawn*
*M-969*

December 20, 1971

Honorable Roger M. Dreyer                     Opinion No. M-1021
County Attorney
204 Christian Building                        Re: Authority of county
711 St. Joseph Street                             to lease two-way
Gonzales, Texas 78629                             radios for a deputy
                                                  sheriff and related
Dear Mr. Dreyer:                                  questions.

        Our former Opinion No. M-969 (1971) is withdrawn and
this Opinion issued in its stead.

        Your opinion request contains a series of questions
which may be consolidated and paraphrased as follows:

        1. May the county commissioners lease two-way radio
equipment for use by the sheriff?

        2. May the county commissioners lease or purchase
and maintain two-way radio equipment for the personal
vehicles of the sheriff and his deputies, including special
deputies?

        3. May the county commissioners lease two-way radio
equipment for the automobile of a game management officer
employed by the Parks and Wildlife Department?

        The authority for the county commissioners to pay for
the expenses incurred by a sheriff is found in Article 3899,[1]
Vernon's Civil Statutes, which, in the relevant portions
of part (b), reads as follows:

        "(b)  Each officer named in this Act, where
    he receives a salary as compensation for his ser-
    vices, shall be entitled and permitted to purchase
    or charge to his county all reasonable expenses
    necessary in the proper and legal conduct of his
    office. . . . The Commissioners Court of the county

_____

        [1] All Articles referred to are Vernon's Civil Statutes
unless otherwise stated.

-4975-

of the sheriff's residence may, upon the writ-
ten and sworn application of the sheriff stat-
ing the necessity therefore, purchase equipment
for a Bureau of Criminal Identification, such
as cameras, fingerprint cards, inks, chemicals,
microscopes, radio and laboratory equipment,
filing cards, filing cabinets, tear gas and
other equipment, in keeping with the system
in use with the Department of Public Safety
of this State, or the United States Department
of Justice and/or Bureau of Criminal Identifi-
cation."

The commissioners court is also authorized by Article
6699a to furnish equipment reasonably necessary for deputy
sheriffs who serve as county traffic officers.

The commissioners court has jurisdiction and authority
limited to that provided by the Constitution or by law, but
the commissioners court has the implied power to exercise
broad discretion to accomplish the purposes intended by any
right conferred or obligation imposed. Anderson v. Wood,
137 Tex. 201, 152 S.W.2d 1084 (1941); Dodson v. Marshall,
118 S.W.2d 621 (Tex.Civ.App. 1938, error dism.).

Two-way radio equipment is an obvious incident to ef-
fective law enforcement, and the usefulness of radio equip-
ment is recognized specifically by Article 3899. Since the
commissioners court is authorized to provide for all reason-
able and necessary expenses of the sheriff, then clearly they
may provide for the purchase or lease of two-way radio equip-
ment for use by the sheriff and his deputies in accordance
with the provisions of Articles 3899 and 6699a.

Sheriffs and their deputies are authorized to use their
personally owned cars in the performance of their official
duties. Article 6877-1. Our opinion is that the commissioners
court has authority under both Articles 3899 and 6699a to in-
stall and maintain two-way radio equipment, either purchased or
leased, in personally owned cars used in the performance of
official duties.

Your request, insofar as it applies to a special reserve
deputy sheriff warrants special attention. The special deputy
in question, according to the information furnished, has been

appointed by the sheriff pursuant to authorization entered upon the minutes of the commissioner court. The special deputy serves without pay or mileage reimbursement and has only part-time or emergency duties. The last legislature enacted special provisions for reserve deputy sheriffs to serve without pay. (Acts 62nd Leg., R.S., 1971, ch. 506, p. 1738: and Acts of the same Legislature, ch. 829, p. 2531, as amended by Acts 62nd Leg., 1st C.S., 1971, ch. 4, p. 3434). The commissioners court has the discretion to determine if the purchase or lease of two-way radio equipment for the special or reserve deputies is a reasonable and necessary expense of the sheriff.

Your third question concerns furnishing radio equipment for the state-owned vehicle of a game management officer employed by the Parks and Wildlife Department. This officer is expressly named as a peace officer in Article 978f-5c, Vernon's Penal Code. According to information furnished this office by the Parks and Wildlife Department, the Department of Public Safety, and the Sheriff's Association of Texas, a number of counties have provided radio equipment for installation in vehicles operated by the Department of Public Safety and game management officers. The equipment so furnished operates on the radio frequency used by the sheriffs and enables the sheriffs to maintain contact with the other officers and materially facilitates cooperation among all peace officers in law enforcement.

This interpretation of Articles 3899 and 6699a and general administrative practice in wide application over the State for many years, involving the range of discretion allowed commissioner's courts, is entitled to substantial weight in the construction of the statutes under consideration. 53 Tex.Jur. 2d 259-264, Statutes, Sec. 177.

No statutory authority expressly authorizes a sheriff to provide radio equipment for installation in vehicles operated by game management officers or other law enforcement personnel but Article 3899, expressly authorizes the sheriff ". . .to purchase or charge to his county all reasonable expenses necessary in the proper and legal conduct of his office. . . ." and expressly authorizes the purchase of radio equipment. A broad and liberal interpretation is to be given this language. Rodgers v. County of Taylor, 368 S.W.2d 794 (Tex.Civ.App., 1963, error ref. n.r.e.). The Department of Public Safety and the sheriffs and other law enforcement officers are required to cooperate under statutes such as Articles 4413(15), 4413(19), and 4413(21).

Our opinion is that the commissioners court can provide radio equipment for the sheriff to install in the vehicles of game management officers or other law enforcement personnel as an aid to the sheriff in law enforcement if the commissioners court, in its discretion, finds the use of such equipment to be a reasonable and necessary expense in the proper conduct of the sheriff's office. To the extent of any conflict herein with Attorney General's Opinion Nos. O-6649 (1945), R-2442 S 51 (1951), and C-743 (1966) and any other such opinions, those opinions are overruled.

### SUMMARY

In accordance with the terms of Article 3899, Vernon's Civil Statutes, the commissioners court is authorized to provide for all reasonable expenses necessary in the proper and legal conduct of the sheriff's office and may, in its discretion, purchase or lease and maintain two-way radio equipment:

1. for use by the sheriff and his deputies;

2. for installation and use in the personally owned cars of the sheriff and his deputies when the vehicles are used in the performance of official duties;

3. for installation and use in the personally owned vehicle of a special or reserve deputy sheriff when the deputy is appointed in accordance with the law and the vehicle is used in the performance of official duties.

4. for installation and use in the state-owned vehicle of a game management officer or other law enforcement officer when the use i an aid to the sheriff in the enforcement of law in the county.

Attorney General Opinion No. M-969 (1971) is withdrawn; and to the extent of any conflict with this opinion, Attorney General Opinion Nos. O-6649 (1945) and R-2442 S 51 (1951) and C-743 (1966) and any other conflicting opinions are overruled.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roland Daniel Green, III
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W.E. Allen, Co-Chairman

Sam Jones
Gordon Cass
Max Hamilton
Bart Boling

SAM MC DANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant